### NEW YORK CREDIT MEN'S ASS'N v. SILBERKLEIT.

### No. 308.

Circuit Court of Appeals, Second Circuit.

July 6, 1942.

On Motion to Clarify Opinion
July 16, 1942.

Maurice Knapp, and Weisman, Celler, Quinn, Allan & Spett, all of New York City (Milton C. Weisman, of New York City, of counsel), for bankrupt-appellant Silver Jax Dress Corporation and appellant Louis H. Silberkleit.

Maurice Stricker Levy, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

PER CURIAM.

The order below was clearly right and the excuse given was trivial, but the statute requires the cost of the goods to be stated "as of the date of his bankruptcy." The order does not read exactly in that form and for that reason the second paragraph will be amended to read as follows: "Ordered that Silver Jax Dress Corp., the bankrupt, by Louis H. Silberkleit, its president, prepare, verify and file in the office of the Referee herein, in duplicate, a detailed inventory showing the cost to it of its merchandise consisting of ladies' dresses, and the cost to it of the materials and labor entered into the garments made out of such materials, by such labor, item by item, and the quantity of garments on hand, all as of the 13th day of September, 1940, the date of bankruptcy." It is true that this is in result no different from the order as entered, for no goods could have been purchased after the date of the assignment, July 17, 1940, and the cost of those then on hand was of course already determined. Nevertheless, the order should conform with the letter of the statute.

Order modified as aforesaid and, as modified, affirmed.

On Motion to Clarify Opinion.

PER CURIAM.

The change was made in the order merely to conform literally with the statute. Its meaning is that Silberkleit shall state in the inventory the dresses and materials on hand when the assignees took possession, together with anything else which came to the bankrupt's possession thereafter, or to the assignees'. It makes no difference whether or not the assignees sold any part of the property before the 13th day of September; the inventory will still be "as of" that day. The cost will be the original cost, together with any additional sums which may have been expended upon the property.